IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Bernard Bostic, | ) | Civil Action No. 4:13-cv-02134-TLW |
| | ) | Criminal No. 4:08-cr-00060-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

      This matter comes before the Court for consideration of the *pro se* Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Bernard Bostic ("Petitioner"). (Doc. #159). Petitioner entered a plea agreement on September 29, 2008, pleading guilty to Counts 1 and 5 of the Indictment. (Doc. #95). Count 1 charged that Petitioner did knowingly obstruct, delay, and affect commerce, and the movement of articles and commodities in such commerce, by robbery by the threat of force, in violation of 18 U.S.C. § 1951. (Doc. #1). Count 5 charged that Petitioner and others did knowingly use and carry firearms, during and in relation to, and did possess the firearms in furtherance of, a crime of violence, and did aid and abet each other in the commission of the offense, in violation of 18 U.S.C. 924(c). (Id., Doc. #95). Petitioner's written plea agreement included a Federal Rule of Criminal Procedure 11(c)(1)(C) stipulated sentence of 25 years imprisonment. (Doc. #95). Additionally, Petitioner acknowledged in the agreement that he had been made aware of 28 U.S.C. § 2255 and moreover, he waived his right to any § 2255 proceeding except for those based on claims of ineffective assistance of counsel or prosecutorial misconduct. (Doc. #95). After entering his guilty plea, Petitioner was sentenced pursuant to his Rule 11(c)(1)(C) stipulation. (Doc. #119). Petitioner

1

filed a notice of appeal on March 6, 2009. (Doc. #122). The Fourth Circuit affirmed the judgment of the District Court on June 17, 2010. (Doc. #134). Petitioner did not seek review in the United States Supreme Court.

Petitioner filed the present Section 2255 motion on August 7, 2013, alleging (1) that the Government failed to prove an interstate commerce nexus for his counts of conviction, (2) that the Government failed to prove that the Petitioner possessed or brandished a firearm in relation to a violent crime, and (3) that his counsel and the Government coerced him into pleading guilty by stating that he would face extraordinarily long sentences if he went to trial. (See Doc. #159). On September 5, 2013, the United States of America ("Government") filed a motion to dismiss Petitioner's § 2255 petition, (Doc. #164), and a memorandum in support, (Doc. # 164-1). On September 25, 2013, Petitioner filed a timely reply in opposition to the Government's motion. (Doc. #168). The matter is now ripe for disposition.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack.  28 U.S.C.A. § 2255.  "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'"  Leano v.

United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)).  In Leano, the district court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)).  In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255.  The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government filed a response and moved to dismiss the § 2255 petition. (Doc. #164). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

3

liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also Harman v. Unisys Corp., 356 F. App'x 638 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

## DISCUSSION

### A. Petitioner's §2255 Petition

The Court construes Petitioner's § 2255 petition as setting forth three claims for relief. First, Petitioner asserts that the Government failed to prove an interstate commerce nexus for his counts of conviction. Second, he claims that the Government failed to prove that the Petitioner possessed or brandished a firearm in relation to a violent crime. Third, his counsel and the Government coerced him to plead guilty by stating that he would face extraordinarily long sentences if he went to trial.

### B. Government's Response and Motion for Summary Judgment

In the Government's Memorandum in Support of Motion to Dismiss, (Doc. #164), the Government asserts that Petitioner's motion should be dismissed as untimely. The Court agrees.

#### 1.    *Timeliness under the AEDPA*

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental

    action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The Court will address the applicability of each of these subsections.

    a.  *§ 2255(f)(1)*

Petitioner's motion is untimely under § 2255(f)(1). His conviction became final nearly three years before he filed his § 2255 motion. He was sentenced on December 17, 2008, and the Judgment was entered on January 20, 2009. (Docs. #118, 119). On March 6, 2009, Petitioner filed a Notice of Appeal of Final Judgment on March 6, 2009. (Doc. #122). The Fourth Circuit affirmed Petitioner's conviction and sentence on June 17, 2010, and the Fourth Circuit Mandate and Judgment was filed with the District Court on July 9, 2010. (Docs. #134, 135). Petitioner did not seek review in the United States Supreme Court. "For the purpose of starting the clock on § 2255's one-year limitation period… a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." Clay v. United States, 537 U.S. 522, 525, 123 S. Ct. 1072, 1074, 155 L. Ed. 2d 88 (2003). The time to file a petition for certiorari contesting an appellate court's affirmation of the conviction expires 90 days after the entry of judgment. Supreme Court Rule 13.1; 28 U.S.C. § 2101(c). Because the Fourth Circuit judgment became effective on July 9, 2010, (Doc. #135), Petitioner's time to file a petition for certiorari ran, at the latest, on October 8, 2010, which is also the latest date the one-year statute of limitations would have started running under § 2255(f)(1). Thus, Petitioner had on year – until approximately October 8, 2011 – in which to file

5

his motion. However, he did not file his petition until August 7, 2013, approximately two years and ten months after his conviction became final, and one year and ten months after the statute of limitations ran. Accordingly, the Court finds that Petitioner's motion is untimely pursuant to § 2255(f)(1).

    b.  *§ 2255(f)(2)*

The Petitioner's motion is also untimely under § 2255(f)(2). This section applies a one-year statute of limitations beginning on the "date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action." 28 U.S.C. § 2255(f)(2). Petitioner does not allege, much less establish, any unconstitutional or illegal action by the Government that prevented him from making his motion. Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(2).

    c.  *§ 2255(f)(3)*

The Petitioner's motion is also untimely under § 2255(f)(3). This section applies a one-year statute of limitations to habeas petitions based on rights newly recognized by the Supreme Court. While Petitioner's original § 2255 petition does not rely on any newly recognized rights, his response to the Government's motion to dismiss invokes the Supreme Court's recent decision <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013). (Doc. #168 at 5). In <u>Alleyne</u>, the Supreme Court extended the rule that "[a]ny fact that by law, increases the penalty for a crime is an 'element that must be submitted to the jury and found beyond a reasonable doubt" to mandatory minimum sentences. 133 S.Ct. at 2155. Accordingly, "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury." <u>Id.</u>

6

However, while the Petitioner states (without additional explanation) that <u>Alleyne</u> "applies directly to my case," (Doc. #168 at 5), the case is not retroactively applicable and thus offers Petition no relief under § 2255(f)(3).[1] For a newly recognized right to revive an otherwise untimely § 2255 petition, the Supreme Court must make the supposed right "retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3); <u>see also</u> <u>Mingo v. United States</u>, 2013 WL 4499249 (W.D. Mich. Aug. 19, 2013); <u>United States v. Johnson</u>, 2013 WL 932630 (D.S.C. Mar. 11, 2013) (holding that because the Supreme Court had not made a new Supreme Court decision retroactive on collateral review, the defendant's § 2255 petition could not be considered timely under § 2255(f)(3)). The Supreme Court has not declared the new rule in <u>Alleyne</u> retroactive on collateral review. <u>See</u>, <u>e.g.</u>, <u>Simpson v. United States,</u> 721 F.3d 875, 876 (7th Cir.2013) (holding that the constitutional rule announced in <u>Alleyne</u> was not made retroactively applicable on collateral review, and <u>Alleyne</u> is an extension of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which itself is not retroactive); <u>In re Payne</u>, No. 13–5103, 2013 WL 5200425 at *1–2 (10th Cir. Sept.17, 2013) (holding that <u>Alleyne</u> is not retroactive); <u>Schoultz v. United States</u>, No. 8-1472, 2013 WL 6512657 (D.S.C. Dec. 12, 2013) (stating that "[a]s <u>Alleyne</u> is an extension of <u>Apprendi</u>, and in light of Fourth

---

[1] Moreover, even if <u>Alleyne</u> applied retroactively, it is otherwise inapplicable to Petitioner's case because Petitioner was sentenced pursuant to a valid stipulated plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(c). (<u>See</u> Doc. #95 at ¶ 11). The elements of his offense that the Petitioner asserts were not proven – specifically, that the firearm Petitioner possessed had been transported in commerce and that he brandished or possessed a firearm during and in relation to a violent crime – were admitted by the Petitioner at his plea hearing. (Doc. #128 at 27-29). <u>Alleyne</u> did not change the rule that, when a government seeks statutory sentencing enhancement, defendant's guilty plea and admissions during plea colloquy relieve the government of its burden of proving facts to the jury beyond a reasonable doubt. <u>See</u>, <u>e.g.</u>, <u>United States v. Yancy</u>, 725 F.3d 596, 601 (6th Cir. 2013); <u>United States v. Vasquez</u>, 7:09CR00015-002, 2013 WL 5435825 (W.D. Va. Sept. 27, 2013). Thus, because Petitioner admitted to the elements he asserts should have been submitted to a jury, he is entitled to no relief under <u>Alleyne</u>.

Circuit precedent, this Court is not persuaded that the Supreme Court's decision in <u>Alleyne</u> is a watershed case that will apply retroactively to cases on collateral review."); <u>United States v. Little</u>, No. 6:11–169, 2013 WL 5719080, at *2 (D.S.C. Oct. 21, 2013) (noting that "<u>Alleyne</u> has not been held to be retroactive to cases on collateral review"). Thus, because <u>Alleyne</u> does not offer a rule retroactively applicable to Petitioner's case, his reliance on <u>Alleyne</u> does not save his petition from being untimely pursuant to § 2255(f)(3). Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(3)

        d.       *§ 2255(f)(4)*

Finally, the Petitioner's motion is also untimely under § 2255(f)(4). Under this section, the one-year statute of limitations would begin running "on the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). Petitioner asserts that his counsel failed to advise him of his § 2255 rights; to the extent Petitioner thus attempts to assert that § 2255(f)(4) saves his petition, Petitioner's argument is without merit. Petitioner's argument fails for two reasons. First, the Petitioner was advised at his plea hearing and in his plea agreement of his § 2255 rights, which he agreed to waive except as to claims of ineffective assistance of counsel or prosecutorial misconduct. (Docs. #95; 128 at 10-15). In addition, the Petitioner was given additional time at the plea hearing to review the § 2255 waiver with his attorney. (Doc. #128 at 12-15). Thereafter, Petitioner represented to the Court that he had had time to discuss his waiver with his attorney and that he understood the provision waiving his appellate and § 2255 rights. (<u>Id.</u>). Thus, Petitioner's knowledge and understanding of his § 2255 rights were, at the latest, discovered at the time of his plea on September 9, 2008, and well before the date his judgment became final. (<u>See</u> <u>id.</u>).

8

Moreover, even had Petitioner discovered his rights under § 2255 within the year before he filed his petition, his ignorance of the law offers him no relief: under § 2255(f)(4), the clock begins running on "the date on which the facts supporting the claim or claims presented *could have been discovered through the exercise of due diligence*." 28 U.S.C. 2255(f)(4) (emphasis added). The Petitioner had access to an attorney and the opportunity to ask questions of the Court at the time of his plea and sentencing. Furthermore, he had a year after the time his judgment became final to discover his rights before the statute of limitations ran under § 2255(f)(1). Thus, Petitioner fails to show that even through the exercise of due diligence, he could not have discovered his § 2255 rights in a timely manner. Accordingly, the Court finds that his motion is untimely pursuant to § 2255(f)(4).

### 2.    *Equitable Tolling*

To the extent Petitioner seeks to assert equitable tolling through his alleged lack of knowledge and understanding of his § 2255 rights, Petitioner's claim is again without merit. Generally, "a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631 (2010). Petitioner alleges only that his attorney failed to alert Petitioner to his rights under § 2255. However, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Petitioner thus fails to show any sufficient extraordinary circumstance that prevented his timely filing. Thus, to the extent Petitioner seeks to assert a basis for equitable tolling, his argument is without merit. Accordingly, the Court finds that the doctrine of equitable tolling does not apply in this case.

## I.     Conclusion

For the reasons stated, the Government's Motion to Dismiss (Doc. #164) is **GRANTED**, Petitioner's motion for relief pursuant to § 2255 (Doc. #159) is **DENIED**. This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised in this petition.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/ Terry L. Wooten
Terry L. Wooten
Chief United States District Judge

January 15, 2014
Columbia, South Carolina