IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Bernard Bostic,<br><br>    PETITIONER<br><br>v.<br><br>United States of America,<br><br>    RESPONDENT | Crim. No. 4:08-cr-00060-TLW-1<br>C/A No. 4:16-cv-03506-TLW<br><br>**Order** |

    Petitioner Bernard Bostic pled guilty to charges of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) (Count 1); and using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 5). The Court sentenced him pursuant to a Rule 11(c)(1)(C) agreement to a total of 300 months incarceration, consisting of 216 months on Count 1 and 84 months consecutive on Count 5. ECF Nos. 95, 119. In his § 2255 petition, he says that Hobbs Act robbery is not a valid § 924(c) predicate conviction and that he was therefore "convicted of a non-offense over which this court did not have jurisdiction."[1] ECF No. 218 at 1. The Government filed a motion for summary judgment and a response in opposition to the petition, arguing that the petition should be dismissed as untimely and on the merits. ECF Nos. 219, 220. Petitioner did not file a reply.

    Petitioner makes two arguments why Hobbs Act robbery is not a § 924(c) predicate crime of violence: (1) that Hobbs Act robbery does not qualify categorically

---

[1] Petitioner is represented by an assistant federal public defender.

1

under § 924(c)'s force clause in light of *Descamps v. United States*, 570 U.S. 254 (2013) and related cases; and (2) that § 924(c)'s residual clause is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

Petitioner's argument as to the force clause is not persuasive. Every circuit court that has addressed the issue has concluded that substantive Hobbs Act robbery is a valid § 924(c) predicate under the force clause. *See United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018); *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–65 (10th Cir. 2018); *United States v. Hill*, 890 F.3d 51, 60 (2d Cir. 2018); *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017); *United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017); *United States v. Buck*, 847 F.3d 267, 274–75 (5th Cir. 2017); *United States v. Howard*, 650 F. App'x 466, 468 (9th Cir. 2016); *In re Saint Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016); *United States v. House*, 825 F.3d 381, 387 (8th Cir. 2016). There is no basis to conclude that the Fourth Circuit would rule contrary to its sister circuits.[2]

The analysis in the above cases applies here and is persuasive. Accordingly, the Court embraces that authority and concludes that Hobbs Act robbery qualifies as a § 924(c) predicate under the force clause.[3] *See also Stokeling v. United States*, 139

---

[2] The Court notes that this issue is currently before the Fourth Circuit in at least three cases: *United States v. Allen*, No. 4:02-cr-00750-TLW-2 (D.S.C. Feb. 5, 2019) (order denying § 2255 petition), *appeal docketed*, No. 19-6305 (4th Cir. Mar. 4, 2019); *United States v. Gleaton*, No. 3:18-cr-00006-TLW-1 (D.S.C. Mar. 26, 2018) (order denying motion to dismiss), *appeal docketed*, No. 18-4558 (4th Cir. Aug. 8, 2018); *United States v. Wilson*, No. 3:17-cr-00138-TLW-1 (D.S.C. Sept. 22, 2017) (order denying motion to dismiss), *appeal docketed*, No. 18-4159 (4th Cir. Mar. 15, 2018).

[3] As to § 924(c)'s residual clause, the Fourth Circuit recently concluded that it is unconstitutionally vague. *United States v. Simms*, 914 F.3d 229, 232 (4th Cir. 2019)

S. Ct. 544, 551, 554 (2019) (concluding that a robbery conviction is a violent felony under the ACCA's force clause as long as the conviction categorically required force sufficient to overcome a victim's resistance, however slight the resistance); *United States v. Evans*, 848 F.3d 242, 247–48 (4th Cir. 2017) (concluding that carjacking under 18 U.S.C. § 2119 is a crime of violence under § 924(c)(3)(A)); *United States v. McNeal*, 818 F.3d 141, 153 (4th Cir. 2016) (concluding that bank robbery under 18 U.S.C. § 2113(a) is a crime of violence under § 924(c)(3)(A)).

Because Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A), the Government's motion for summary judgment, ECF No. 220, is **GRANTED** and Petitioner's petition for relief pursuant to § 2255, ECF No. 218, is **DENIED**. This action is hereby **DISMISSED**.[4]

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. In order for the Court to issue a certificate of appealability, Rule 11 requires that Petitioner satisfy the requirements of 28 U.S.C. § 2253(c)(2), which in turn requires that he "has made a substantial showing of the denial of a constitutional right." The Court concludes that he has not made such a showing, and it is therefore not appropriate to issue a certificate of appealability as to the issues raised in this petition. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal

---

(en banc). However, *Simms* has no impact on this case because that decision only involved the residual clause, not the force clause.

[4] In light of the Court's ruling on the merits, it is not necessary for the Court to rule on the timeliness question.

Rules of Appellate Procedure.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

April 17, 2019
Columbia, South Carolina