IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.: 4:08-cr-00060 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BERNARD BOSTIC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER TO SEAL

This matter comes before the Court on motion of the United States to file the disciplinary record attached in the Government's response to Defendant's motion for compassionate release under seal. The purpose of the Government's request is to protect the sensitive and personal information contained within these documents as the release of such personal information could negatively impact Defendant.

Having conducted an independent review of the facts set forth in the disciplinary record as well as the reasons provided by the Government in its sealing motion, the Court concludes that there are significant countervailing interests in sealing such disciplinary record which outweigh the common-law public interest in access to such documents and that sealing is "essential to preserve higher values." *See Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429-31 (4th Cir. 2005). The Court further concludes that, by sealing only the disciplinary record and providing public access to the remaining pleadings, the denial of access is narrowly tailored to serve the Government's interests in sealing. *Id.* at 429.

In reaching this conclusion, the Court has considered alternative measures less restrictive than sealing—such as redaction of portions of the document—but finds that, at this juncture, redaction would not protect the Defendant's privacy because anyone viewing the disciplinary record in Defendant's case would automatically associate the records with Defendant. *See In re Search Warrant for Secretarial Area Outside of Gunn*, 855 F.2d 569, 574 (8th Cir. 1999) (explaining that "line-by-line" redactions were "not practical" where "[v]irtually every page contain[ed] multiple references" to sensitive information); *In re Search of Office Suites for World & Islam Studies Enterprise*, 925 F. Supp. 738, 744 (M.D. Fla. 1996) (rejecting redactions of affidavit due to "concerns that unsealing even a portion of the affidavit would reveal, either explicitly or by inference, the scope and direction of the Government's investigation"); *In re Search Warrants for Nat'l Builders Corp.*, 833 F. Supp. 644, 646 (N.D. Ohio 1993) (finding that sealing of search warrant affidavit was justified when "[v]irtually every page of the affidavit contain[ed] references to conversations and events, and reveal[ed] the nature and scope of the on-going government investigation, including individuals not within the scope of the search warrant"). Based on the foregoing, the Court finds that the interests of justice are best served by filing the disciplinary record under seal.

Unless otherwise ordered, the documents sealed by this order shall remain sealed for one year from the date of this order, subject to extension for good cause shown and to the following unsealing protocol: Any person or party who seeks access to the documents sealed by this order may file a written motion or request to unseal. The Clerk of Court is directed to file any motion or request to unseal on the public docket. Regardless of when the motion or request is made, the documents sealed by this order shall remain sealed until the Government or other affected party

has an opportunity to respond to any motion or request to unseal.

It is therefore,

ORDERED that the disciplinary record shall be filed under seal.

**IT IS SO ORDERED**.

                                          s/Terry L. Wooten
                                          HONORABLE TERRY L. WOOTEN
                                          UNITED STATES CHIEF DISTRICT JUDGE

Greenville, South Carolina
May __16__, 2023